# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-282V
Filed: October 21, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GRETCHEN KOKOTOVICH, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Tetanus-diphtheria-acellular Pertussis |
| | * | ("Tdap") Vaccination; Shoulder Injury |
| SECRETARY OF HEALTH | * | Related to Vaccine Administration |
| AND HUMAN SERVICES, | * | ("SIRVA"); Special Processing Unit |
| | * | ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Alice Isabel Legat Tayman, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 29, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that alleges that she suffered a shoulder injury that was caused in fact by her April 3, 2015 Tetanus-diphtheria-acellular pertussis vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 5, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On October 19, 2016, respondent filed a proffer on award of compensation ("Proffer")

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicating petitioner should be awarded $75,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,000.00 in the form of a check payable to petitioner, Gretchen Kokotovich.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| GRETCHEN KOKOTOVICH, | ) | |
| | ) | |
| Petitioner, | ) | No. 16-282V |
| | ) | Chief Special Master Nora Beth Dorsey |
| v. | ) | |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) | |
| | ) | |
| Respondent. | ) | |

# RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

## I.   Compensation for Vaccine Injury-Related Items:

On October 5, 2016, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration ("SIRVA"). Respondent proffers that based on the evidence of record, petitioner should be awarded $75,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award:

The parties recommend that the compensation provided to Gretchen Kokotovich should be made through a lump sum payment as described below, and request that the special master's decision and the Court's judgment award the following:[1]

A lump sum payment of $75,000.00 in the form of a check payable to petitioner, Gretchen Kokotovich. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

2

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

ALTHEA DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

*/s/Alice Tayman*
ALICE TAYMAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
Tel:  (202) 616-4055

Dated:  October 17, 2016